**Varinder KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 06–71019, 06–71975.**

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.\*

Filed July 16, 2007.

Martin Avila Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Eric W. Marsteller, M. Jocelyn Wright, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM \*\*

Varinder Kaur is a native and citizen of India. In petition No. 06–71019, Kaur seeks review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming the Immigration Judge's ("IJ") de-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In petition No. 06–71975, Kaur seeks review of a second BIA decision denying her motion to reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny both petitions.

"Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We review an adverse credibility determination for substantial evidence, and will overturn it only if the evidence compels a contrary conclusion. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir.2005). We review the denial of a motion to reconsider for abuse of discretion. *See Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005).

Substantial evidence supports the IJ and BIA's finding that Kaur's accounts regarding how the police harmed her were inconsistent, and she failed to adequately explain the inconsistency. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000). Her asylum interview contained sufficient indicia of reliability, and thus was a proper point of comparison. *Cf. Singh v. Gonzales*, 403 F.3d 1081, 1089–90 (9th Cir. 2005). Therefore, substantial evidence supports the IJ and BIA's denial of asylum, withholding of removal, and CAT relief based on the adverse credibility determination. *See Pal*, 204 F.3d at 938. Kaur's claim that she was denied due process when the IJ relied on an Assessment to Refer without requiring the asylum officer to testify is unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 676–78 (9th Cir.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

2004). Accordingly, we deny petition No. 06–71019.

We also deny petition No. 06–71975. The BIA did not abuse its discretion in denying Kaur's motion to reconsider because it properly concluded that Kaur's asylum interview was distinguishable from that in *Singh*, 403 F.3d at 1089–90. *See Lara–Torres*, 383 F.3d at 976.

We grant Martin Resendez Guajardo's motion to withdraw as co-counsel of record for both petitions.

**PETITIONS DENIED.**