**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VARINDER KAUR, | No. 08-74080 |
| Petitioner, | Agency No. A095-395-792 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012**

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Varinder Kaur, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for an abuse of discretion,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Kaur's motion to reopen as untimely because the motion was filed over two years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Kaur failed to present material evidence of changed circumstances in India to qualify for the regulatory exception to the time limitation for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (underlying adverse credibility determination rendered evidence of changed circumstances immaterial).

We reject Kaur's contentions that the BIA applied an incorrect standard, ignored evidence, or failed to adequately explain its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010).

The BIA did not abuse its discretion in construing Kaur's challenge to the underlying adverse credibility determination as a motion to reconsider and denying it as untimely. *See Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005) (BIA may construe motions based on their underlying purpose); 8 C.F.R. § 1003.2(b) (a motion to reconsider must specify errors of law or fact in the BIA's prior decision and be filed within 30 days of that decision).

We decline to reconsider Kaur's challenge to the immigration judge's adverse credibility determination because this court already decided the issue in *Kaur v. Gonzales*, 235 Fed. Appx. 425 (9th Cir. 2007); *see also Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (explaining that under the "law of the case doctrine," one panel of an appellate court will not reconsider questions that another panel has decided on a prior appeal in the same case).

Finally, we lack jurisdiction to review the BIA's decision not to exercise its sua sponte power to reopen proceedings. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**